IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 MC 9 MR WCM

| | |
|---|---|
| IN THE MATTER OF THE REVIEW ) | |
| OF MATERIALS SEIZED FROM ) | ORDER |
| 11675 RAINWATER DRIVE, SUITE 220, ) | |
| ALPHARETTA, GEORGIA 30009 ) | |
| ) | |

This matter is before the Court on the Government's Motion to Quash Subpoenas Duces Tecum Issued by Inland Capital Management, LLC. ("Motion to Quash," Doc. 58). Inland Capital Management has responded in opposition. Doc. 59. The undersigned granted the Motion to Quash by text Order on July 16, 2021. This Order further memorializes that ruling.

The Motion to Quash pertains to subpoenas duces tecum Inland Capital Management has served on nine current or former Government employees ("Subpoenas").[1] Copies of the Subpoenas have not been submitted but according to the parties' filings, the Subpoenas require the witnesses to appear at the upcoming evidentiary hearing and to bring certain records with them, namely:

> Any and all documents referenced or relied upon and used in drafting any affidavit submitted by you or on your behalf in this matter.
>
> and

---

[1] The Government has apparently accepted service of the Subpoenas on behalf of these witnesses.

1

> Any and all documents you referenced, reviewed, or otherwise relied upon in preparation for the above-referenced hearing.

Doc. 58 at 3; Doc. 59 at 3.

Inland Capital Management also instructed each witness to provide a privilege log, if any documents were withheld on the basis of privilege.

The Government argues that the evidentiary hearing is not a civil proceeding, that Inland Capital Management is not entitled to the documents requested, and that the request falls outside of the scope of the hearing as previously delineated by the undersigned.

Inland Capital Management disagrees and contends that the proceeding is governed by the Federal Rules of Civil Procedure, that the documents sought have been properly subpoenaed under Rule 45 of the civil rules or, alternatively, pursuant to Rule 17 of the Federal Rules of Criminal Procedure, that Inland Capital Management is not a target of the Government's investigation, and that the document requests are narrowly tailored and necessary for a full and fair evidentiary hearing.

Previously, the undersigned considered Inland Capital Management's request for an evidentiary hearing on the pending motions.

In an Order filed on May 26, 2021 (Doc. 45), the parties were advised that the undersigned intended to schedule oral argument on the pending Motions and that the undersigned found that it would be beneficial to hear

from the parties further as to whether evidentiary presentations were necessary and, if so, what the parties would propose those presentations entail, "bearing in mind that any such evidence should not be cumulative and should be strictly limited to matters relevant to the subject motions."

That hearing was conducted on June 14, 2021.

In an Order filed two days later, and after closely considering whether an evidentiary hearing was necessary, particularly in light of the numerous affidavits the Government has submitted, the undersigned granted Inland Capital Management's request for an evidentiary hearing. The Court, however, directed that the evidence would "be limited to issues germane to the pending Motions, and specifically whether and to what extent the Filter Protocol has been breached." Doc. 52 at 4.

Even if it is assumed that the upcoming evidentiary hearing is more appropriately governed by the Federal Rules of Civil Procedure – and the Court makes no findings or conclusions in that regard – the undersigned is not persuaded that the witnesses should be required to produce the documents requested by Inland Capital Management.

Courts have wide latitude in applying the Rules of Civil Procedure, including Rule 1 which directs that the Rules are to "be construed, administered, and employed. . . to secure the just, speedy, and inexpensive determination of every action and proceeding" and Rule 26(b)(1) which advises,

3

in part, that "parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Inland Capital Management has argued it should be given an opportunity to cross-examine the Government's witnesses with regard to the statements made in their affidavits. The undersigned has allowed that request and Inland Capital Management will be given a reasonable opportunity for cross-examination on the relevant issues. The undersigned is not convinced, however, that allowing Inland Capital Management to go a step further and examine the documents requested would be proportional to the needs of this matter or otherwise warranted, particularly in light of the Government's ongoing investigation.

Accordingly, the Government's Motion to Quash Subpoenas Duces Tecum Issued by Inland Capital Management, LLC. (Doc. 58) is **GRANTED** and, to the extent the Subpoenas require the production of documents at the upcoming evidentiary hearing, they are **QUASHED**. This Order, however, does not relieve the witnesses from appearing at the hearing nor does it disturb the undersigned's prior Orders allowing certain witnesses to appear by videoconference.

It is so ordered.

Signed: July 19, 2021

W. Carleton Metcalf
United States Magistrate Judge